Filing # 52730380 E-Filed 02/20/2017 05:48:19 PM

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

| | |
|---|---|
| **Darian Dilworth,** | |
| *Plaintiff,* | Case No: **2017SC-000860-0000-LK** |
| v. | |
| | Division: **Lakeland** |
| **Central Credit Services, LLC, Shavone Gordon, and Pendrick Capital Partners, LLC,** | |
| | Ad Damnum: $2,000 + Fees & Costs |
| *Defendants.* | |

## COMPLAINT

COMES NOW the Plaintiff, **Darian Dilworth**, ("**Mr. Dilworth**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendants, **Central Credit Services, LLC** ("**Central**"), **Shavone Gordon** ("**Gordon**") and **Pendrick Capital Partners, LLC** ("**Pendrick**"), herein collectively referred to as the "**Defendants**", and states as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Dilworth against the Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**") and the Florida Consumer Collection Practices Act, Section 559.55, Florida Statutes, *et. seq.* ("**FCCPA**").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), and the FCCPA, Section 559.77(1), Florida Statutes and Section 34.01, Florida Statutes.

3. The Defendants are subject to the provisions of the FDCPA and FCCPA and are subject to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4. Venue is proper in Polk County because the acts complained of were committed and / or caused by the Defendants within Polk County.

## PARTIES

5. Mr. Dilworth is a natural person residing in Polk County, Florida and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and section 559.55(2), Florida Statutes.

### Parties - Central

6. Central is a Florida limited liability company with a primary business address of **9550 Regency Square Blvd., Suite 500, Jacksonville, FL 32225**.

7. Central's Registered Agent is **CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324**.

8. Central is a "debt collector" within the meaning of the FDCPA 15 U.S.C. § 1692a(6) and section 559.55(6), Florida Statutes, in that Central regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to another entity.

9. Central holds Florida Office of Financial Regulation Consumer Collection Agency ("CCA") license number **CCA9903113**. **SEE PLAINTIFF'S EXHIBIT A.**

### Parties - Gordon

10. Gordon is an employee or agent of Central, and works in the capacity as a debt collector for or on behalf of Central. While Mr. Dilworth believes Shavone Gordon is his true name, it is possible that this is an alias or desk name; in this event, once the true name of Gordon is learned, Mr. Dilworth will amend his complaint to reflect Gordon's true name.

### Parties - Pendrick

11. Pendrick is a Delaware limited liability corporation with a primary business address of **1714 Hollinwood Drive, Alexandria, VA 22307**.

12. Pendrick is registered as a foreign Limited Liability Company in the State of Florida.

13. Pendrick's registered agent in the State of Florida is **CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324**.

14. Pendrick is registered with the Florida Office of Financial Regulation as a Consumer Collection Agency and holds CCA license number **CCA09902797**. **SEE PLAINTIFF'S EXHIBIT B.**

15. Pendrick is a debt collector within the meaning of 15 U.S.C. § 1692a(6), in that it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another entity.

### FACTUAL ALLEGATIONS

16. Sometime in or around March 17, 2014, Mr. Dilworth allegedly incurred a debt to Osprey Emergency Physicians ("**Osprey**") for medical services in the amounts of $717 (the "**debt**").

17. Osprey is a Polk County, Florida medical provider.

18. The debt arose from services which were for family, personal, or household purposes, specifically personal emergency medical treatment, and therefore meet the definition of "debt" pursuant to the FDCPA, 15 U.S.C. § 1692a(5).

19. Sometime prior to December 2016, Osprey sold, transferred, or otherwise assigned the debt to Pendrick.

20. Pendrick, in turn, hired Central to collect the debt on or about December 8, 2016. **SEE PLAINTIFF'S EXHIBIT C.**

21. On February 4, 2017, WAM reported the debt to Trans Union, a credit reporting agency ("**CRA**"). **Id.**

22. Central reported that the amount of the debt was $717. **Id.**

23. Around February 9, 2017, Mr. Dilworth became aware of Central's reporting, when he was notified by CreditKarma.Com, a website Mr. Dilworth utilizes to monitor his credit history, of the negative tradeline appearing on his report.

24. Learning of Central's report, Mr. Dilworth called Central and spoke with Gordon, who stated that he was a debt collector and that he was attempting to collect a debt.

25. Mr. Dilworth expressed concern that there was a collection account reporting as unpaid to his credit report, since he had insurance at the time of treatment by Osprey and believed that the insurance would have paid any bill or bills.

26. Gordon stated that to settle the debt, Mr. Dilworth would have to pay $758.

27. Mr. Dilworth protested that the amount quoted by Gordon was even higher than what Central had reported to Trans Union.

28. Gordon stated that irrespective of what Central had reported to Trans Union, to clear the debt from his credit history, Mr. Dilworth would have to pay $758.

29. Gordon offered no explanation as to what the additional fees were or why the amount of debt had increased during the five days from the report.

30. After speaking with Gordon, Mr. Dilworth called his health insurance carrier, Blue Cross/Blue Shield ("**BCBS**").

31. BCBS stated that they had received *no* request for payment from Osprey regarding the March 2014 treatment other than a bill for $150 for an emergency room fee, which they paid.

32. Since Mr. Dilworth had provided Osprey with his insurance carrier's information for payment, and since Osprey never sent any correspondence to Mr. Dilworth indicating any debt remained outstanding, Mr. Dilworth reasonably assumed that all charges had been settled.

33. Any amount supposedly unpaid would have been due to the negligence of Osprey in failing to bill BCBS for reimbursement in a timely manner.

34. Any consumer, especially an unsophisticated one, would be confused as to the amount of the debt they supposedly owed, and/or what step(s), if any, to take regarding a debt when a tradeline reported to a CRA on February 4, 2017 indicates a different amount owed than that alleged in a phone call with the same collection agency five days later.

35. Reporting a debt to a CRA is an attempt to collect the debt.

36. Central's reports to Trans Union, and its phone call with Mr. Dilworth, were "communications" as defined by 15 U.S.C. § 1692a(2).

37. On information and belief, at all times relevant to this matter, Central was acting as Pendrick's agent, on Pendrick's behalf, and under Pendrick's direction.

38. As a principal, Pendrick is liable for the actions of its agent.

39. As the acting party, Central is also liable for its actions.

40. Mr. Dilworth has hired the aforementioned law firm to represent him in this matter and is obligated to pay its reasonable fees.

## COUNT I
## VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, *et. seq.*

41. Mr. Dilworth adopts and incorporates paragraphs 1 – 40 as if fully restated herein.

42. The Defendants violated **15 U.S.C. § 1692f(1)** when Central and Gordon, acting as Pendrick's agents, added $41 of fees or other charges to the $717 debt without authority from contract or law.

43. The Defendants violated **15 U.S.C. § 1692e** when Central and Gordon, acting as Pendrick's agents, used a false, deceptive, or misleading representation or means in connection with the collection of a debt, claiming $758 was owed to satisfy a $717 debt.

44. The Defendants violated **15 U.S.C. § 1692e(2)(a)** when Central and Gordon, acting as Pendrick's agents, made false representations of the nature, character and amount of a debt by claiming $758 was owed to satisfy a debt reported of $717.

45. The Defendants violated **15 U.S.C. § 1692e(10)** when Central and Gordon, acting as Pendrick's agents, made a false representation to collect the debt by falsely claiming that $758 would have to be paid in order to satisfy a $717 debt.

46. The Defendants violated **15 U.S.C. § 1692f** when Central and Gordon, acting as Pendrick's agents, used unfair or unconscionable means to attempt to collect a debt, falsely claiming that $758 would have to be paid to satisfy a $717 debt.

47. The Defendants' actions were intentional and willful.

48. The Defendants' conduct renders them liable for the above-stated violations of the FDCPA.

**WHEREFORE,** Mr. Dilworth respectfully requests this Honorable Court enter judgment against The Defendants, jointly and severally, and for him as follows:

   a. Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Unspecified actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
### VIOLATIONS OF THE FCCPA- section 559.55, Florida Statutes, *et. seq.*

49. Mr. Dilworth adopts and incorporates paragraphs 1 – 40 as if fully stated herein.

50. The Defendants' actions violated the FCCPA, section **559.72(9)**, Florida Statutes, by asserting a legal right which does not exist and which The Defendants know does not exist, to wit, attempting to collect $41 more than the amount actually alleged to be owed by the original creditor, Osprey, and $41 more than had been reported as owed on this particular debt to the CRAs.

51. The Defendants are liable for the above-stated violation of the FCCPA, and Mr. Dilworth is therefore entitled to statutory damages not to exceed $1,000.

**WHEREFORE,** Mr. Dilworth respectfully requests this honorable Court to enter judgment against The Defendants, jointly and severally, and for him as follows:

a. Statutory damages of $1,000 for violation of the FCCPA pursuant to section 559.77(2), Florida Statutes;

b. Unspecified actual damages pursuant to section 559.77(2), Florida Statutes;

c. Reasonable costs and attorney's fees pursuant to section 559.77(2), Florida Statutes; and,

d. Such other relief that this Court deems just and proper.

Respectfully submitted this 20th day of February 2017, by:

/s/ *Philip R. Goldberg*
Philip R. Goldberg
Florida Atty # 105940
PGoldberg@SeraphLegal.Com

**Seraph Legal, P.A.**
2002 E. 5th Avenue, Suite 104
Tampa, FL 33605
(813) 567-1230 Tel
Attorney for Plaintiff

# EXHIBIT A
## Central Credit Services, LLC – Consumer Collection Agency License Record

2/17/2017          Florida Office of Financial Regulation



## FLORIDA OFFICE of FINANCIAL REGULATION
*Smart, Efficient and Effective Regulation*

Home   About OFR   Apply for a License   Verify a License   File a Complaint   News   Research Resources

### License Search Results Detail

| | |
|---|---|
| License Name: | CENTRAL CREDIT SERVICES, LLC |
| DBA Name: | |
| License Type: | Consumer Collection Agency |
| Status: | Approved |
| Status Effective Date: | 10/24/2016 |
| Original Date of License: | 5/22/2013 |
| License Number: | CCA9903113 |
| License Expiration Date: | 12/31/2017 |

**License Main Address:**

| | |
|---|---|
| Street: | 9550 REGENCY SQUARE BLVD. SUITE 500 |
| City: | JACKSONVILLE |
| State: | FL |
| Zip Code: | 32225 |

**License Mailing Address:**

| | |
|---|---|
| Street: | 9550 REGENCY SQUARE BLVD. SUITE 500 |
| City: | JACKSONVILLE |
| State: | FL |
| Zip Code: | 32225 |

Phone Number:

# EXHIBIT B
## Pendrick Capital Partners, LLC – Consumer Collection Agency License Record

2/17/2017  Florida Office of Financial Regulation

## FLORIDA OFFICE of FINANCIAL REGULATION



Smart, Efficient and Effective Regulation

Home   About OFR   Apply for a License   Verify a License   File a Complaint   News   Research Resources

### License Search Results Detail

| | |
|---|---|
| License Name: | PENDRICK CAPITAL PARTNERS, LLC |
| DBA Name: | |
| License Type: | Consumer Collection Agency |
| Status: | Approved |
| Status Effective Date: | 10/26/2016 |
| Original Date of License: | 7/26/2012 |
| License Number: | CCA9902797 |
| License Expiration Date: | 12/31/2017 |

**License Main Address:**
- Street: 1714 HOLLINWOOD DRIVE
- City: ALEXANDRIA
- State: VA
- Zip Code: 22307

**License Mailing Address:**
- Street: 3850 N. CAUSEWAY BLVD. SUITE 200
- City: METAIRIE
- State: LA
- Zip Code: 70002

Phone Number:

# EXHIBIT C
## Trans Union Credit Report Excerpt from February 15, 2017

2/15/2017        TransUnion Online Investigation Service: Credit Report and Request Details

DARIAN B. DILWORTH

**TransUnion.** ONLINE DISPUTE SERVICE

HELP

## Credit Report and Request Details

Printable Disclosure or Report

Please review your credit report carefully. If you would like to request an investigation or change of information for any item, click the **Investigate** or **Update** button next to that item. You can edit a request by clicking the **Update** button at any time.

If you are filing a repeat dispute, you will be asked to acknowledge that you have previously disputed the item with TransUnion and be prompted to add additional information you feel is relevant to your dispute. It is also important to upload supportive documents.

After you have completed all requests for this file, click the **Continue** button to review the summary of your requests. You may click the ❓ button in a section to learn more on how to compose a request for the items in that section.

Once on the Investigation Summary page, you will have the opportunity to upload documents to support your account investigation requests. Be sure to gather all necessary supporting documents, if applicable, before proceeding. The total size of all attachments may not exceed 5 megabytes. Acceptable file formats are .jpeg, .tif and .pdf, and we cannot accept compressed or password-protected files.

NOTE: Clicking the Continue button saves your requests but does not submit them. To make sure your requests are sent to TransUnion, complete all your requests, then go to the Investigation Summary page, upload your documents, if applicable, and click Submit.

### Credit File Details

| CURRENT FILE | FILE NUMBER | 319031069 | NAME | DARIAN B. DILWORTH |
|---|---|---|---|---|
| | REPORT DATE | 02/15/2017 | ADDRESS | |

### Adverse Accounts

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added >brackets< to those items in this report. For any account that contains medical information, the information following 'Medical-' is not displayed to anyone but you except where permitted by law. For your protection, your account numbers have been partially masked, and in some cases scrambled.

**CENTRAL CREDIT SERVICES #4966****

20 CORPORATE HILLS DR
ST CHARLES, MO 66301
(844) 742-9202

| Placed for Collection: | 12/06/2016 | Balance: | $717 | Pay Status: | >In Collection< |
|---|---|---|---|---|---|
| Responsibility: | Individual Account | Date Updated: | 02/04/2017 | | |
| Account Type: | Open Account | Last Payment Made: | 03/17/2014 | | |
| Loan Type: | COLLECTION AGENCY/ATTORNEY | Original Amount: | $717 | | |
| | | Original Creditor: | MEDICAL-OSPREY EMERGENCY PHYSICIANS (Medical/Health Care) | | |
| | | Past Due: | >$717< | | |

Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 07/2021

Request an investigation